## Strasburg Borough v. Alexander.

K. L. *Shirk* and *John A. Coyle*, for plaintiff.

F. *Lyman Windolph*, for defendant.

LANDIS, P. J.—The plaintiff's statement avers that the Borough of Strasburg, on petition of a majority in interest and amount representing three-fifths of the ownership in number of feet of property on both sides of Miller Street, by Ordinance approved March 3, 1924, provided for the curbing of said street from the intersection of West Main and Miller Streets to the garage of H. C. Breckbill, and also provided that the said improvement and curbing should be at the cost of the adjoining property owners and should be assessed against and paid by them. This work was done and a cement curb was laid in front of the property of the defendant for a distance of 115 feet. The proportionate share which was assessed against the defendant was

$87.35, and the same was demanded of him, but he refused to pay. For this reason, the present suit was brought. The defendant has filed an affidavit of defense raising various questions of law, and he asks that they be found in his favor and judgment entered thereon.

Chapter 12, section 1, of the Act of May 14, 1915, P. L. 312, 426, provides that "boroughs may proceed for the recovery of municipal claims by lien or by action of *assumpsit*, and jurisdiction is conferred upon justices of the peace to entertain such actions of *assumpsit* to the amount of $300. . . ." But, even if the magistrate has no jurisdiction, that question cannot be raised by affidavit of defense raising a question of law. The Act of March 5, 1925, P. L. 23, sets forth a specific remedy.

If a ten days' notice, as it is claimed, is required by chapter 6, article VII, section 10, the present proceeding is improper. There is nothing in the act requiring such notice to be attached to the pleading. We think it can be proven on the trial. But, even if this is a requisite, the defect can be cured by amendment, and the way to reach the defect is by a rule to file a more specific statement and by a rule to strike off the statement. No real good is arrived at by this technical form of procedure, for courts do not, if it is possible to find another way, decide the rights of parties on pure technicalities and without, perhaps, having all the facts before them.

We think the points raised by the defendant should be decided against him, without prejudice to his legal rights.

From George Ross Eshleman, Lancaster, Pa.